1816.

SKINNER
v.
DAYTON.

[ * 226 ]                    *SKINNER *against* DAYTON and others.

If the party obtaining an injunction to stay proceedings at law, neglects to deposit the 100 dollars, at the time, pursuant to the 43d rule of the Court, the irregularity will be cured by his depositing that sum before a motion is made to dissolve the injunction ; but he must pay the costs of the motion. So, if he omits to enter the order for the injunction with the *register*, at the time, a subsequent entry of it, before motion, will cure the neglect, but he will have to pay costs.

Orders for injunctions, as well as other special orders, must be entered with the *register* or *assistant register*, not with the *clerk*, before the process issues.

*November* 5th.    BILL for an injunction to stay proceedings at law. The injunction was granted on the 28th of *September*, by a master, in the absence of the chancellor.

*Buel*, for the defendants, now moved to dissolve the injunction, for irregularity. He read an affidavit, stating, that the suit at law was noticed for trial at the *Albany* circuit, in *October* last, and that no deposit was made of the sum of 100 dollars, according to the rule (43d) of the Court; and that no special cause was shown for not applying for the injunction before thirty days prior to the circuit in *Albany*. It was certified, that no order for the injunction had been entered with the register.

*Henry*, contra. He produced a certificate of the deposit of the 100 dollars, this day; and urged that the fact of the judgment at law did not come to the plaintiff's knowledge, until the second or fourth day of *September*, and that the time between that day and the 28th of *September* was requisite to prepare the bill.

THE CHANCELLOR. The motion is founded on irregularity in issuing the process, and on the merits.

[ * 227 ]        *1. As to the irregularity. The omission of the deposit,

180

in the first instance, is cured by the subsequent deposit, but the plaintiff must pay the costs of the present motion, which that omission was sufficient to justify. The time that elapsed after the complainant was informed of the judgment, and before the filing of the bill, was not unreasonable. To advise, prepare, and finish a bill requires a little time, especially where the party lives in the country. The omission to enter the order for the injunction with the register, arose probably from the loose but convenient practice of carrying the bill, in the first instance, to the clerk, who issues the process upon the production of the bill, with the allowance endorsed. But the omission to enter the order with the register may also be cured by the subsequent entry, subject, however, as in the case of the omission of the deposit, to the costs of the motion ; and I shall, accordingly, allow the entry to be now made as of the time of the allowance of the injunction.

That orders for injunctions, as well as other special orders, must be entered with the register, or assistant register, and that the clerk's office is not the place for the entry of rules and orders, is the clear and settled course and practice of the Court. The books of practice speak this language uniformly. (*Solicitor's Guide*, 12. 473. 493. 500, 501. 1 *Harr. Ch. Prac.* 77. 231. 243. 265.) In *James* v. *Phillips*, (2 *P. Wms.* 657.) process of contempt was held irregular, because the return of the attachment on which an order for a sergeant at arms was grounded, was not entered in the register's office. Every order for an injunction ought regularly to be entered with the register or assistant register, before the process issues, and the allowance endorsed on the bill in vacation time is only intended as an authority to enter the rule. But if this entry cannot be made before issuing the process, without injurious delay, as when the register is absent, or the clerk resides at a distance, the party, or the clerk for him, ought *to cause the rule to be entered, with all reasonable speed, as of the day of the allowance, otherwise the opposite party will be able to question the regularity of the process. It was one of the ancient rules in the *English* Court of Chancery, that the clerks in Court were carefully to see that all attachments issued by them were duly entered with the register. (1 *Harr. Prac.* 231.)

2. The injunction must be retained, until the coming in of the answer ; but the plaintiff, for the reasons mentioned, is to pay the costs of this motion, and to cause the order for the injunction to be forthwith entered with the register.